IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.M. ELSHINNAWY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 05-03061 |
| | : | |
| v. | : | |
| | : | |
| JO ANNE BARNHART, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 28th day of February, 2006, upon careful and independent consideration of Plaintiff's motion for summary judgment (Docket No. 10), as well as Defendant's response and motion for summary judgment (Docket No. 12), and after reviewing the Report and Recommendation of United States Magistrate Judge Jacob P. Hart (Docket No. 16) and Plaintiff's objections thereto (Docket No. 17), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Plaintiff's objections to the Report and Recommendation are **OVERRULED**[1]; and

---

[1] Plaintiff objects to the Report and Recommendation by arguing, *inter alia*, that his Retirement Insurance Benefits ("RIB") amount should not be reduced by the windfall elimination provision ("WEP") formula of section 215(a)(7) of the Social Security Act (the "Act"), codified at 42 U.S.C. § 415(a)(7). Specifically, Plaintiff contends that section 215(a)(7)(D) of the Act, codified at 42 U.S.C. § 415(a)(7)(D), excludes his RIB calculation from the WEP formula.

    3.    The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

                        BY THE COURT:

                        /s Lawrence F. Stengel
                        LAWRENCE F. STENGEL, J.

---

Section 215(a)(7)(D) provides in pertinent part that the WEP formula "shall not apply in the case of an individual who has 30 years or more of coverage." 42 U.S.C. § 415(a)(7)(D). Section 215(a)(7)(D) also provides for specific RIB reductions in "the case of an individual who has more than 20 years of coverage but less than 30 years of coverage . . . ." Id. "Years of coverage," as used by section 215(a)(7)(D), corresponds to the "years of coverage test" used to determine whether an individual has the minimum social security earnings required to qualify for a year of coverage after 1950. See id.

I will overrule Plaintiff's objection for two reasons. First, Plaintiff has failed to demonstrate that he has "30 years or more of coverage" as that phrase is used in section 215(a)(7)(D). Plaintiff cites to pages 54-55 of the record for the proposition that he has 35 years of work history covered by the Act. That portion of the record, however, demonstrates that only 21 years of Plaintiff's work history were covered by the Act.

Second, the record in this case provides substantial evidence supporting Defendant's decision to deny Plaintiff's retention of the overpayment amount. It appears that an experienced social security employee with "expert knowledge" of RIB calculations verified Defendant's calculation. Record at 94. Moreover, section 215(a)(7)(D) completely exempts an individual from the WEP formula only when that individual "has 30 years or more of coverage." 42 U.S.C. § 415(a)(7)(D). As described above, the record demonstrates that Plaintiff has only 21 years of covered work history. Record at 54. Thus, I find that there is sufficient evidence to meet the deferential "substantial evidence" standard. The remainder of Plaintiff's objections are adequately addressed by the Report and Recommendation.